

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2008

# USA v. Bielewicz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bielewicz" (2008). *2008 Decisions.* Paper 118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2880
_____

UNITED STATES OF AMERICA

v.

SCOTT BIELEWICZ,

Appellant

_____

Appeal from the Order of the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 06-cr-00044)
District Judge: Honorable David Stewart Cercone

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 20, 2008
_____

Before: FUENTES, HARDIMAN, and GARTH, Circuit Judges

(Filed: December 12, 2008 )

_____

OPINION
_____

FUENTES, Circuit Judge:

Scott Bielewicz appeals from his 18-month sentence following a guilty plea for

bank fraud. He was released from custody on August 9, 2008, at which time he began a

four-year period of supervised release. The government contends that Bielewicz waived his right to appeal the sentencing issues he now raises and that, in any event, the District Court properly calculated his sentence and the sentence was reasonable. Because we conclude that Bielewicz knowingly and voluntarily waived his right to appeal his sentence, we will dismiss Bielewicz's appeal.

Bielewicz is no longer incarcerated. Therefore, we must first examine whether we have jurisdiction over Bielewicz's appeal under Article III of the United States Constitution, which extends jurisdiction only to actual cases or controversies. U.S. CONST. ART. III, § 2; Spencer v. Kemna, 523 U.S. 1, 7 (1998). In United States v. Jackson, we held that "[a] defendant who is serving a term of supervised release and challenges only his completed sentence of imprisonment must show collateral consequences" to present a live case or controversy. 523 F.3d 234, 241 (3d Cir. 2008). In Jackson, we held that collateral consequences include "the possibility of a credit for improper imprisonment against a term of supervised release." Id. Because Bielewicz argues that his sentence was unreasonably long, which could result in a credit against his term of supervised release, we conclude that this case is not moot.

We must now determine whether Bielewicz waived his right to appeal the reasonableness of his sentence by entering into his plea agreement, which contained express language that prohibits Bielewicz from appealing his sentence, with two limited exceptions. Those exceptions apply only if his sentence either exceeded the applicable

2

statutory limits set forth in the United States Code, or if the sentence unreasonably exceeded the guideline range determined by the District Court under the United States Sentencing Guidelines. If we determine that Bielewicz's waiver was knowing and voluntary, and that neither of the exceptions apply, we can decline to exercise our jurisdiction over the appeal. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007); see also Jackson, 523 F.3d at 242.

On December 5, 2006, Bielewicz appeared at a hearing in the District Court to plead guilty to count one of the indictment. He agreed to the factual basis of count one, bank fraud, and he also acknowledged responsibility for the remaining counts in the indictment.

The District Court then reviewed the terms of the plea agreement, and explained them in their entirety to Bielewicz, including the waiver and its exceptions. The District Court asked Bielewicz if he understood and agreed to the terms of the plea agreement, and Bielewicz responded affirmatively. The District Court then asked Bielewicz if he entered the plea voluntarily, free of coercion and intimidation. Bielewicz confirmed that he entered the agreement of his own free will because he believed it was in his best interest to do so. The District Court concluded that Bielewicz was competent and understood his rights and potential penalties, and that he made a "knowing, voluntary and informed decision to enter a guilty plea" to the charge of bank fraud. After examining the record of the plea colloquy, we are satisfied that Bielewicz understood the consequences

3

of his plea agreement, and that his decision to plead guilty was knowing and voluntary.

We further conclude that neither of the exceptions listed in the plea agreement apply. Bielewicz received a sentence of 18 months, which is at the bottom of the guideline range established by the District Court. In addition, the sentence does not run afoul of statutory limits. Because we find that Bielewicz waived his right to appeal the reasonableness of his sentence, we will decline to exercise jurisdiction and will dismiss the appeal.[1]

---

[1]Because we dismiss the appeal based on Bielewicz's waiver, we need not address the other issues he raises on appeal.